UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X
In re MARIE DENISE SEANT,

            Debtor.
───────────────────────────────
MARIE DENISE SEANT,

            Appellant,            **MEMORANDUM & ORDER**

    -against-                        25-cv-1080 (NRM)

SHELLPOINT,

            Appellee.
───────────────────────────────X

NINA R. MORRISON, United States District Judge:

*Pro se* Appellant Marie Denise Seant brings this bankruptcy appeal under 28 U.S.C. § 158 from the February 7, 2025 order of the Honorable Nancy H. Lord, United States Bankruptcy Judge, granting Appellee Newrez LLC, d/b/a Shellpoint Mortgage Servicing ("Shellpoint") relief from an automatic stay pursuant to 11 U.S.C. § 362. Appellant moves to vacate the February 7 order. Because this Court lacks subject matter jurisdiction over this appeal, Appellant's motion is denied, and the appeal is dismissed.

## BACKGROUND

Appellant is one of two borrowers on a mortgage secured against the real property located at 2737 Mill Avenue in Brooklyn. Bankruptcy Record ("BR"),[1] ECF

---

[1] The record from the Bankruptcy proceedings was provided to this Court in a single filing, and thus will be delineated as "Bankruptcy Record" or "BR." Additionally, the pincites refer to the pagination created for the record, in the lower right corner of each page.

No. 5, at 29–30. Appellant filed a Chapter 7 voluntary petition for bankruptcy on October 30, 2024 in the Bankruptcy Court for the Eastern District of New York. BR at 3–17; *see also In re Seant*, No. 24-bk-44504 (NHL) (Bankr. E.D.N.Y. 2024), ECF No. 1.

On December 30, 2024, Appellee moved for an order terminating the automatic stay, imposed pursuant to 11 U.S.C. § 362, as to 2737 Mill Avenue. BR at 18–20. The motion filed in Bankruptcy Court included an affidavit of service showing that, also on December 30, the motion was served upon Appellant by First Class Mail delivery. BR at 67–68.

A hearing on Appellee's motion was held on January 30, 2025. BR 75. Appellant neither filed opposition to Appellee's motion nor appeared at the hearing. *Id.* Following the hearing, the Bankruptcy Court found good cause to lift the automatic stay and, by order dated February 7, 2025, lifted the automatic stay. *Id.*

Appellant filed a notice of appeal ("notice") from the February 7 order in Bankruptcy Court on February 24, 2025. BR at 76–77. Though dated February 21, 2025, the notice was file-stamped by the Clerk of the Bankruptcy Court on February 24, 2025. *Compare* BR at 77 (dated February 21), *with* Notice of Appeal, ECF No. 1, at 1 (file-stamped February 24).[2]

Appellee filed a brief opposing the appeal. Appellee Br., ECF No. 4 (May 28, 2025). With leave from the Court, Appellant belatedly filed a brief in support of the appeal. Appellant Mot. for Leave to File ("Mot. for Leave"), ECF No. 6 (May 29, 2025);

---

[2] All page references to docket materials except the BR use ECF pagination.

Appellant Br. ("Appellant Br."), ECF No. 8 (May 29, 2025). Appellant also filed a reply brief. Appellant Reply Br. ("Appellant Reply"), ECF No. 10 (June 30, 2025). Finally, Appellant filed a motion to vacate the February 7 order. Appellant Mot. to Vacate ("Mot. to Vacate"), ECF No. 12 (July 29, 2025).

## DISCUSSION

"The district courts of the United State shall have jurisdiction to hear appeals . . . from final judgments, order, and decrees [of bankruptcy judges]." 28 U.S.C. § 158(a)(1). "An order granting or denying relief from an automatic stay is a final, appealable order." *Siemon v. Preuss*, No. 20-CV-7508 (GBD), 2021 WL 2167052, at *1 (S.D.N.Y. May 27, 2021) (citing *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37–38 (2020)); *see also In re Reynoso*, No. 23-CV-2618 (CBA), 2024 WL 1118264, at *4 (E.D.N.Y. Mar. 14, 2024) ("Congress made orders in bankruptcy cases immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case." (citation modified)). Such appeals must be taken "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). "[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1).

The Second Circuit considers "that the time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal . . . ." *Siemon v. Emigrant Sav. Bank (In re Siemon)*, 421 F.3d 167, 169 (2d Cir. 2005); *see also In re Indu Craft, Inc.*, 749 F.3d 107, 114–16 (2d Cir. 2014) (discussing the holding of *In re*

3

*Siemon*); *New Era Pro. Prep Servs., LLC v. Unity Bank*, No. 23-CV-7595 (RPK), 2024 WL 5049819, at *3 (E.D.N.Y. Dec. 9, 2024) ("The Second Circuit has previously held that the filing deadline in Rule 8002(a) is jurisdictional — in which case the court plainly lacks authority to consider [an] untimely appeal.").[3] "Because the time limit contained in Rule 8002(a) is jurisdictional, it is strictly enforced, even when applied to cases involving *pro se* litigants." *In re Hurley*, No. 24-CV-5630 (DG), 2024 WL 4827812, at *2 (E.D.N.Y. Nov. 18, 2024) (collecting cases).

A bankruptcy court may, in certain circumstances, extend the time to file a notice of appeal if a party files a motion requesting such extension within 21 days of the deadline outlined in Rule 8002(a) and shows "excusable neglect." Fed. R. Bankr. P. 8002(d)(1)(B).[4] However, a bankruptcy court is prohibited from granting such an

---

[3] The *New Era Professional Prep* Court observed that "two courts of appeals have recently held that the deadline is *not* jurisdictional," *see* 2024 WL 5049819, at *2 (citing *In re VeroBlue Farms USA, Inc.*, 6 F.4th 880, 887 (8th Cir. 2021) and *In re Tennial*, 978 F.3d 1022, 1028 (6th Cir. 2020)), but ultimately noted that it "must follow binding Second Circuit precedent" until it is overruled by the Second Circuit or undermined by the Supreme Court. *Id.* (citation omitted).

[4] Rule 8002(d)(1)(B) speaks only of "the bankruptcy court." However, Judge Oetken, in analyzing Rule 8002(c)(2) — which was redesignated Rule 8002(d)(1)(B) in the 2014 amendment to the Bankruptcy Rules while retaining its substantive effects, *see* Fed. R. Bankr. P. 8002 advisory committee notes to 2014 amendment — concluded that "[the Rule] empowers district courts to extend the filing period beyond the 14-day baseline." *In re Soundview Elite Ltd.*, 512 B.R. 155, 157 (S.D.N.Y. 2014); *see also id.* at 157 & n.4 ("Because district courts may grant extensions, they have capacity under [the Rule] to alter the time restrictions that constrain their jurisdiction."). Judge Oetken's position is well-reasoned, but the Court notes that many courts in this circuit appear to take the contrary view and read Rule 8002(d)(1)(B) literally. *See, e.g.*, *Pierre v. Aurora Com. Corp.*, 620 B.R. 210, 216 (S.D.N.Y. 2020) ("Following a *limited remand from this Court* for the purposes of deciding Pierre's motion for an extension of time to appeal, *the bankruptcy court* granted Pierre's motion for an extension of time." (emphasis added)); *In re Hurley*,

4

extension "if the judgment, order, or decree being appealed . . . grants relief from an automatic stay under § 362." Fed. R. Bankr. P. 8002(d)(2)(A); *see also New Era Pro. Prep Servs.*, 2024 WL 5049819, at *2 ("The bankruptcy rules would appear to prohibit such an extension in any event, because they do not allow extensions of the time to appeal an order granting relief from an automatic stay.").

Here, there is no dispute that the notice was untimely. Though the notice is dated February 21, 2025, it was file-stamped by the Clerk of the Bankruptcy Court on February 24, 2025. *See In re Soundview Elite Ltd.*, 512 B.R. 155, 157 n.2 (S.D.N.Y. 2014) ("[A] filing is presumed to be made on the date file-stamped by the Clerk." (quoting *Etheredge–Brown v. Am. Media, Inc.*, No. 13-CV-1982 (JPO), 2014 WL 1316352, at *2 (S.D.N.Y. Mar. 31, 2014). Appellant also concedes that the notice was untimely filed. *See* Appellant Br. at 2 ("Appellant acted promptly upon receiving notice of the order, filing her opposition and notice of appeal on February 24, 2025, the day she found out about the order . . . .").

Appellant elsewhere (1) alludes to her *pro se* status and her "misunderstanding of procedural deadlines" to explain her untimeliness, (2) states that she "acted diligently upon learning of the need to file," and (3) claims that the Bankruptcy Court informed her that February 24 "was the last [day] to file an appeal." Mot. for Leave at 1. She also argues "Appellee will not be prejudiced by this short delay." *Id.* But Rule 8002(a) contains a strict jurisdictional time limit, and Appellant's *pro se* status

---

2024 WL 4827812, at *2 (noting that Rule 8002(d)(1) "permits *a bankruptcy court* under certain circumstances to extend the time to file a notice of appeal" (emphasis added)); *New Era Pro. Prep Servs.*, 2024 WL 5049819, at *2 ("[Appellant] never asked *the bankruptcy court* to extend the deadline for its appeal." (emphasis added)).

5

cannot save her appeal when the notice was (as here) untimely filed, even if her notice was filed only three days late.[5] *See Ivers v. Ciena Cap. LLC*, No. 15-CV-7993, 2016 WL 1562943, at *1 (S.D.N.Y. Apr. 15, 2016) ("The rule established by *In re Siemon* may seem draconian, especially in the context of *pro se* appellants who file their notices of appeal close to, but nonetheless after, the deadline.  Yet district courts routinely dismiss bankruptcy appeals filed in just those circumstances." (collecting cases)).

Moreover, Appellant did not request an extension to file the notice within 21 days of the February 21, 2025 deadline in either the Bankruptcy Court or this Court. *See* Mot. for Leave at 1 (Appellant's first clear request, dated May 29, 2025, for this Court to "accept her Notice of Appeal nunc pro tunc"); Resp. to Mot. for Relief from Automatic Stay, *In re Seant*, No. 24-bk-44504 (NHL) (Bankr. E.D.N.Y. 2024), ECF No. 32 (Appellant's brief before the Bankruptcy Court, file-stamped February 24, 2025, that does not request an extension to file the notice).

It is also unlikely that Appellant could show "excusable neglect" for purposes of Rule 8002(d)(1)(B).  *See In re Soundview Elite Ltd.*, 512 B.R. at 159 (discussing this standard and noting that *pro se* status alone "is insufficient for a finding of excusable neglect" (citing *Myers v. New York City Hum. Rts. Comm'n*, 04-CV-543 (JCF), 2006 WL 2053317, at *2 (S.D.N.Y. July 21, 2006)).  At most, Appellant claims she "did not receive effective notice of the hearing or clear instructions regarding filing deadlines."

---

[5] These arguments may have weighed in an analysis under Rule 8002(d) for extensions of deadlines to file notices of appeal generally, but, as explained *infra*, Rule 8002(d) cannot apply to appeals such as this, from bankruptcy court decisions concerning automatic stays under 11 U.S.C. § 362.

6

Appellant Br. at 1. However, Appellee's December 30, 2024 motion was mailed by First Class Mail to Appellant at her address of record on that same date, as attested by the motion's affidavit of service. This affidavit, reflecting the affiant's firsthand knowledge of the actual mailing, creates a presumption of receipt three days later by Appellant that Appellant has not meaningful rebutted. *See Biggs v. Midland Credit Mgmt., Inc.*, No. 17-CV-340 (JFB) (ARL), 2018 WL 1225539, at *8 (E.D.N.Y. Mar. 9, 2018) (noting that this presumption "may be established . . . by offering testimony of the person who actually mailed the letter" and that "denial of receipt, alone, is insufficient to rebut this presumption" (first quoting *Mount Vernon Fire Ins. Co. v. E. Side Renaissance Assocs.*, 893 F. Supp. 242, 245 (S.D.N.Y. 1995); then quoting *Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 817 (2d Cir. 1985)). Courts have found no excusable neglect where reasons comparable to Appellant's were offered. *See, e.g., In re Enron Corp.*, 364 B.R. 482, 486–88 (S.D.N.Y. 2007) (finding no excusable neglect where appellant claimed that, among other things, (1) "he never received the January 6, 2006 order from the bankruptcy court, but instead received it from an adversary"; (2) "as soon as he received the order, he filed his appeal"; and (3) "he is proceeding pro se").

In the end, even if Appellant had filed a motion in either the Bankruptcy Court or this Court and demonstrated excusable neglect, any extension would have been prohibited. The automatic stay was in effect pursuant to 11 U.S.C. § 362(a), and it was modified (*i.e.*, lifted) by the Bankruptcy Court pursuant to §§ 362(d)(1) and 362(d)(2). BR at 75. Any extension requested would therefore have been expressly

barred by Rule 8002(d)(2)(A).  Accordingly, this Court is constrained to dismiss this appeal for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, Appellant's motion to vacate is DENIED and this appeal is DISMISSED for lack of subject matter jurisdiction.

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: August 22, 2025
      Brooklyn, New York